# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-276V
Filed: April 11, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | Special Master Sanders |
| JANE PRIVITERA, | * | |
| | * | Attorneys' Fees and Costs; Reasonable |
| Petitioner, | * | Hourly Rates; Fees for Travel. |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Isaiah R. Kalinowski, Maglio, Christopher & Toale, PA, Washington, DC, for Petitioner.
Justine Walters, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 17, 2015, Jane Privitera ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that she suffered from rotator cuff tendonitis and Parsonage Turner Syndrome as a result of the administration of a trivalent influenza ("flu") vaccine on October 8, 2013. Petition ("Pet.") at 1.

Special Master Hamilton-Fieldman issued a Decision on the Parties' Stipulation on March 21, 2016, awarding Petitioner $80,000 in damages. Decision, ECF No. 29. On August

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

24, 2016, Petitioner submitted a Motion for Attorneys' Fees.  Pet'r's Mot. Att'ys' Fees ("Mot."), ECF No. 34.  Respondent submitted a Response on September 12, 2016.  Resp't's Resp. ("Resp."), ECF No. 36.  Petitioner filed a Reply on September 22, 2016.  Pet'r's Reply ("Reply"), ECF No. 37.  After careful consideration, the undersigned grants Petitioner's Motion for Attorneys' Fees in part.

## I.     PROCEDURAL HISTORY

In her Motion for Attorneys' Fees, Petitioner requested $20,253.10 in attorneys' fees and $1,584.60 in attorneys' costs, totaling $21,837.70.  Mot. 1-2.  Petitioner's counsel, Mr. Kalinowski, requested hourly rates of $361 for work completed in 2014 and 2015.  *See* Pet'r's Ex. 10 at 3-13, ECF No. 35-2.  He requested a lower hourly rate of $349 for his work in 2016.  *See id.* at 14-17.  Mr. Kalinowski also requested hourly rates of $95, $135, and $145 for the work of his firm's paralegals, respective to the paralegal's experience.  *See generally id.*

In his response, Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp. 2.  Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs.  *Id.* at 4.  Respondent added, however, that "[based] on a survey of fee awards in similar cases and [his] experience litigating Vaccine Act claims . . . a reasonable amount for fees and costs in the present case would fall between $12,000.00 and $14,000.00."  *Id.* at 3.  Respondent specifically objected to Mr. Kalinowski's hourly rate of $361 in 2014-15 and $349 in 2016.  *Id.* at 3 n.1.  Respondent compared these requested rates to the fee structure applied in *Scharfenberger v. Secretary of Health and Human Services*, No. 11-221V, 2015 WL 3526559, at *4-10 (Fed. Cl. Spec. Mstr. May 15, 2015), *aff'd*, 124 Fed. Cl. 225 (2015).  *Id.*  In *Scharfenberger*, Mr. Kalinowski was awarded "an hourly rate of $305.00 for work performed in 2014 and . . . the paralegal hourly rates [were limited] to $125.00 or less."  *Id.*

Petitioner filed a Reply arguing that Respondent's suggested fee ranges did not consider "petitioners as individuals with varying needs for compensation in all aspects awarded."  Reply 3.  Petitioner added that "attorney's fee awards in the NVICP should be awarded on a case-by-case basis, as Congress did not intend awards of fees to be in a 'one-size fits all manner.'"  *Id.*  With regard to Respondent's comparison to other cases within the Program, Petitioner further argued that because cases in the NVICP are sealed, "Petitioner is unable to evaluate whether a cited case is even comparable unless her attorney's firm was counsel in that case."  *Id.* at 3-4.  Finally, Petitioner argued that Respondent's use of *Scharfenberger* was misguided, as an appeal in that case was withdrawn "in light of the decision in *McCulloch v. Sec'y of Health & Human Servs.*"  *Id.* at 6 (citing No. 09-293V, 2015 WL 5634323 (Fed Cl. Spec. Mstr. Sept. 1, 2015)).  The Reply was filed with an amended request for Mr. Kalinowski's hourly rates.  The amended rates are: $333 for work performed in 2014; $341 for work performed in 2015; and stayed the same at $349 for 2016.  Pet'r's Ex. 16, ECF No. 37-1.

## II.    STANDARDS FOR ADJUDICATION

2

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Attorneys may be awarded fees for travel if they provide adequate documentation that they performed legal work during that travel. *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). For example, an attorney that has been practicing for twenty or more years has an appropriate hourly rate between $350 and $425. *Id.* An attorney with eight to ten years of experience, on the other hand, has a reasonable hourly rate between $275 and $350. *Id.*

## III. DISCUSSION

### a. Hourly Rates

The first step of the lodestar approach involves determining an estimate by calculating "the numbers of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quotation omitted). Petitioner's counsel, Mr. Kalinowski, possesses ample experience in the Vaccine Program. *See generally* Pet'r's Ex. 13, ECF No. 35-5. He has been a licensed attorney since 2005 and served as a law clerk in the Vaccine Program from January 2007 to November 2010. *Id.* at 1-2. After his clerkship, Mr. Kalinowski joined the Washington, D.C. office of Maglio Christopher & Toale, P.A. ("MCT"). *Id.* at 3. As a partner with the law firm, he has filed over 130 cases in the Vaccine Program. *Id.* Mr. Kalinowski conducts his work in the District of Columbia; therefore, forum rates apply. *See McCulloch*, 2015 WL 5634323, at *7 (stating that fees will be based upon the "forum rate, which in this Program would be Washington, D.C., except where the work was substantially performed in the firm's home locale *and the local rates are . . . significantly less than those in Washington D.C.*" (citing *Avera*, 515 F.3d at 1349) (emphasis in original)).

3

Respondent argues for the undersigned to apply the fee rate found in *Scharfenberger* in 2015 to Mr. Kalinowski. In *Scharfenberger*, Mr. Kalinowski was awarded rates of $300 and $305 for work performed in 2013 and 2014, respectively. 2015 WL 3526559, at *10. However, Mr. Kalinowski's awarded rates have fluctuated within the Vaccine Program. In a case decided the same year as *Scharfenberger*, Mr. Kalinowski was awarded an hourly rate of $325 for work performed from 2012 to 2013. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). In 2016, Mr. Kalinowski was awarded $349 per hour for work performed in 2016, and $325 for work performed from 2013 to 2015. *Riggs v. Sec'y of Health & Human Servs.*, No. 14-743, 2016 WL 6407474, at *3 (Fed. Cl. Spec. Mstr. Sept. 27, 2016).

In this case, for work performed in 2014 and 2015, Mr. Kalinowski requested an hourly rate of $333 and $341, respectively. Pet'r's Ex. 16, at 1-14. Mr. Kalinowski had nine years of experience as an attorney in 2014. *See* Pet'r's Ex. 13 at 1, ECF No. 35-5. Under *McCulloch*, Mr. Kalinowski falls within the eight to ten years range, from $275 to $350 an hour, for the years of 2014 and 2015. 2015 WL 5634323, at *19. For 2016, Mr. Kalinowski requested an hourly rate of $349. Pet'r's Ex. 16, at 14-17. Mr. Kalinowski possessed eleven years of experience in 2016. *See* Pet'r's Ex. 13 at 1. He would thus fall within the $300 to $375 an hour *McCulloch* range for that year. 2015 WL 5634323, at *19.

Based upon his experience in the Vaccine Program, I find that reasonable hourly rates for Mr. Kalinowski are $349 as requested for 2016, and $325 for 2014 to 2015. *See, e.g., Collins v. Sec'y of Health and Human Servs.*, No. 15-661V, 2017 WL 1315687, at *3 (Fed. Cl. Spec. Mstr. Mar. 15, 2017). This amounts to a deduction of **$664** from Mr. Kalinowski's requested fees total.

Additionally, Respondent objected to the rate requested for the work of paralegals. Specifically, Respondent objected to paralegal hourly rates higher than $125, citing *Scharfenberger*. Resp. at 3 n.1. However, in *McCulloch*, Special Master Gowen found that it was reasonable to award $135 per hour to each paralegal who was "[a] well-qualified, carefully chosen college graduat[e]" with "several years at the firm doing exclusively vaccine work." *McCulloch* at *21. The undersigned will award the requested rates for the paralegals' work, as these are reasonable under *McCulloch*. Furthermore, these rates are consistent with the rates awarded to MCT paralegals in the undersigned's recent decision in *Collins*. S*ee Collins v. Sec'y of Health and Human Servs.*, No. 15-661V, 2017 WL 1315687, at *3 (Fed. Cl. Spec. Mstr. Mar. 15, 2017).

### b. Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings. 515 F.3d at 1348. In a review of MCT's billing records, the undersigned found Mr. Kalinowski requested his full hourly rate for traveling. Pet'r's Ex. 16 at 5-6. Following *Gruber*, the undersigned will grant a full hourly rate for travel where an attorney provides documentation that she or he performed work while traveling. 91 Fed. Cl. at 791; *see also Amani v. Sec'y of Health & Human Servs.*, No. 14-150V, 2017 WL 772536, at *6 (Fed. Cl. Spec. Mstr. Jan. 31, 2017).

4

Here, Mr. Kalinowski requests $341 per hour for: 4.4 hours of travel on March 18, 2015; 2 hours of travel on March 19, 2015; and 5.2 hours of travel on March 20, 2015. Pet'r's Ex. 16 at 5-6. On March 19, Mr. Kalinowski documents, "Drive from Manhattan to client's home in Freeport, on Long Island" and "Drive from client's home in Freeport, on Long Island back to lodging in Manhattan." Id. at 6. Similarly for March 18 and 20, Mr. Kalinowski documents, "Drive Alexandria, Virginia to New York City area" and "Drive back from New York City to Alexandria, Virginia from client visit (snowy road conditions)." Id. at 5-6. The undersigned will award Mr. Kalinowski an hourly rate of $216.67 for travel, which amounts to two-thirds of his reasonable rate of $325. See also Collins v. Sec'y of Health and Human Servs., No. 15-661V, 2017 WL 1315687, at *3 (Fed. Cl. Spec. Mstr. Mar. 15, 2017). This reduction reflects travel time wherein Mr. Kalinowski was driving and therefore limited in his ability to engage in any other work or personal activity. The total reduction for these hours is **$1,442.23**.

### c. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $1,584.60 in attorneys' costs. The costs are associated with legal research; travel to and from D.C.; postage; obtaining medical records; and a filing fee. The undersigned finds them to be reasonable and awards them in full.

## IV. CONCLUSION

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $19,453.10 |
| (Reduction to Mr. Kalinowski's Hourly Rate in 2014-15) | -$664 |
| (Reduction to Mr. Kalinowski's Travel Fees) | -$1,442.23 |
| **Attorneys' Fees Awarded** | **$17,346.87** |
| **Attorneys' Costs Awarded** | **$1,584.60** |
| **Total Attorneys' Fees and Costs Awarded** | **$18,931.47** |

In light of the foregoing and pursuant to § 15(e)(1), I find that attorneys' fees shall be reduced to $17,346.87 and costs granted in full. For the reasons contained herein, **a check in the amount of $18,931.47[3] made payable jointly to Petitioner and Maglio Christopher & Toale,**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of HHS, 924 F.2d 1029 (Fed. Cir. 1991).

**PA, Washington, D.C., for Petitioner's attorneys' fees and costs shall be issued.**  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

    **IT IS SO ORDERED.**

                                                    s/Herbrina D. Sanders
                                                    Herbrina D. Sanders
                                                    Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).